| | | |
|---|---|---|
| MARK JOHNSON, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:14-CV-00184 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARK JOHNSON. By his habeas application, petitioner challenges his November 23, 1992 conviction, following a jury trial, for the offense of delivery of a controlled substance out of the 108th Judicial District Court of Potter County, Texas, and the 99-year sentence assessed for that conviction. *State v. Johnson*, No. 29,208-E.

## I.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.  Petitioner was denied effective assistance of trial counsel because his attorney failed to:

    a.  subpoena a co-conspirator;
    b.  have a firm command of the law applicable to his case; and
    c.  operated under a conflict of interest;

2. He is actually innocent of the crimes for which he was convicted;

3. The trial court erred when it refused the defense's request for a continuance;

4. The prosecution erred when the State withheld *Brady* evidence from the defense; and

5. He is entitled to the benefit of a 2005 change in the Texas Code of Criminal Procedure.

Pet. for a Writ of Habeas Corpus, ECF No. 3, at 6–7; Attachment to Pet., at 1–6; Mem. with Exhibit in Support of 28 U.S.C. 2254 Application Instruction Number 2, ECF No. 4, at 1–29.

## II.
## TIME BAR

On December 12, 2014, respondent filed an answer to petitioner's federal habeas application asserting the application should be denied as time-barred. On January 12, 2015, petitioner filed a reply to respondent's answer asserting the "[n]ew Supreme Court ruling in McQuiggins allows a petitioner to get to the door to the Federal Courthouse if he has a strong claim of miscarriage of justice, resulting from a strong claim of prejudicial error in violation of the constitution." Pet., at 9.

The undersigned makes the following findings:

1. Petitioner's conviction was on November 23, 1992.

2. The Seventh Court of Appeals affirmed petitioner's conviction on August 4, 1993.

3. Petitioner did not file a petition for discretionary review.

4. Petitioner filed a state writ application on January 10, 1996, in cause number 29, 208-E.

5. The Texas Court of Criminal Appeals denied petitioner's state writ without written order on April 10, 1996.

6. Petitioner filed four additional state writ applications, which were all dismissed for abuse of the writ.

7. Petitioner's federal habeas corpus petition was due on or before April 24, 1997, unless the limitations period was statutorily or equitably tolled.

8. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the year prior to the filing of his state and federal habeas corpus petitions and made retroactive to cases on collateral review.

9. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

10. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

11. The earliest date petitioner's federal habeas corpus application could be considered filed is August 13, 2014, the date petitioner signed his petition and the earliest date it could have been placed in the prison mailing system.

12. Petitioner's federal habeas corpus application was filed after the expiration of the statute of limitations and is time barred.

## III.
## EQUITABLE TOLLING

The Fifth Circuit has recognized the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810–11. Equitable tolling applies "principally where the plaintiff is actively

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

The statute of limitations may also be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). However, the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner relies on two affidavits to support his claim of actual innocence. Those statements are from February 1993 and May 1994. They do not constitute "new evidence," nor do the statements prove he is actually innocent of the crime. Petitioner's argument is without merit. He has not otherwise supported his allegation of actual innocence or of constitutional error with new, reliable evidence in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Dawson v. Stephens*, 637 Fed. App'x. 141, 142 (5th Cir. 2016) (citing *McQuiggin*, 133 S. Ct. at 1928). While courts have some discretion to grant equitable tolling, the arguments advanced by petitioner do not rise to the rare and exceptional circumstances standard under the law of the Fifth Circuit and do not warrant or authorize this Court to grant equitable tolling.

Even if petitioner's federal application for writ of habeas corpus was timely, the majority of his claims would be procedurally barred. Petitioner's claims 1(c), and 2-5 were raised in his four of his state habeas applications, which were all dismissed for abuse of the writ. The Fifth

Circuit has recognized Texas's abuse-of-writ doctrine as a state procedural rule. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Accordingly, for the Court to reach the merits of these claims, petitioner must show cause and prejudice from the Texas court's failure to consider his claim. *Id.* Petitioner has failed to do so.

V.
RECOMMENDATION

For the reasons set forth herein and in respondent's Answer filed December 12, 2014, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MARK JOHNSON be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____9th____ day of June 2017.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on**

**or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).